STORY & BROTHER *vs.* WALKER.

1. When a guardian, who was also the husband of his ward, transferred an execution in his favor as guardian to certain creditors as collateral security for supplies, and they collected money thereon, the remedies of the wife were twofold: First. Those of a ward to call her guardian to an account. Second. Those of a wife, to recover from a creditor who knowingly receives, in payment of his debt, money belonging to his debtor's wife.

2. Where the action belongs to the latter class, it is competent for the defendants to show that the money was received in payment of the debt of the wife; that though these goods were charged to the husband, yet the quanity sold to and used on the wife's place amounted to more than the sum received on the execution, and this after her consent to the transfer; that the husband was insolvent, and credit was refused him.

Husband and wife. Contracts. Trust. Before Judge LAWSON. Greene Superior Court. March Adjourned Term, 1879.

Reported in the opinion.

McWHORTER BROS., for plaintiffs in error.

M. W. LEWIS & SON, for defendant.

CRAWFORD, Justice.

Mrs. Mary L. Walker brought suit against J. M. Story & Brother to recover the sum of $339.50, with interest thereon, which she alleged that they had collected upon an execution in favor of E. T. Walker, guardian of Mary L. Walker, *vs.* John E. Jackson, she being the ward mentioned in said *fi. fa.*

It appears from the record that E. T. Walker was not only the guardian but the husband of this ward, and that he had transferred the *fi. fa.* to J. M. Story & Brother as collateral security for supplies on the 4th day of May, 1876, and that on the 1st day of November, 1876, the said

transfer was approved by the written consent of the said Mary L. Walker. The sum alleged to have been collected was shown by the receipt of the defendants. Having arrived at full age she commenced this suit in her own name to recover back the money.

The defendants pleaded the *general issue* and an equitable plea, in which they set up the fact that E. T. Walker, in 1875 and 1876, was running two plantations, one for himself and one for his ward-wife. That the amount of goods sold for and used on her own plantation exceeded the sum paid to them on the execution transferred, all of which had been to and for her use and benefit on her said plantation.

Upon the trial of the issues thus made up, under the testimony admitted and the charge of the court, the jury returned a verdict for the plaintiff for the full amount of money collected on the *fi. fa.* aforesaid. A new trial was moved for, because:

1. The court erred in charging the jury that if they believed that E. T. Walker held an execution as guardian of his wife, and that he transferred it as guardian to the defendants, to be credited on an account of his own, then they should find for the plaintiff.

2. The court ruled out the testimony of J. M. Story, which was that in 1876 his firm furnished Walker with supplies to run his own and Mrs. Walker's plantations, and while all the goods were charged to him, the quantity sold to and used on her place was more than the sum which they had collected.

3. The court ruled out the testimony of J. M. Story, that the aggregate amount of goods sold to Walker and used on his wife's plantation after the 4th of May, 1876, to the time of collecting the money on the execution, was more than the amount of the same.

4. The court erred in refusing to allow defendants to prove that the aggregate amount of goods in said account used on Mrs. Walker's plantation, after her assent to the transfer, was more than the amount received by them,

although charged on the books to him, yet they were used in making a crop on her place and for her benefit.

5. The court refused to allow defendants to show that Walker was insolvent.

6. The court refused to allow defendants to show that Walker had a good and valid bond as the guardian of his wife.

It is needless to take up separately and adjudge the various grounds relied upon in this motion for a new trial. The pleadings in every cause should clearly define the law which is to control it, and therewith the theories relied upon to justify or defeat a recovery; and when they are technically framed, if the law be questionable, it may be settled on demurrer, if not, then on evidence the case must turn. It is very manifest in this case that the plaintiff, being at the time of the commencement of this suit *sui juris*, relied upon the fact for a recovery, that her husband had appropriated her money to his own use, with the knowledge of the defendants that it was hers.

The defense was put on two grounds: First. That Walker, the guardian, had the right to collect the execution himself, or that he could legally transfer it to another who might also collect it, and that the ward's remedy was to look to him and his bondsmen for payment, if the same were not accounted for. Second. That having received the benefit of the money herself, in the acceptance and use of the supplies, which had been furnished her for the running of her own plantation, gave them an equitable plea against her right to a recovery.

The court construed the law of the case to be with the plaintiff, and so ruled the evidence and so charged the jury.

Our view upon the facts, as shown by the record, is that her remedies were twofold: those of *a ward*, as such, to call her guardian to account for her estate in his hands, and those of *a wife*, to sue for and recover from a creditor who receives in payment of his debt money belonging to his debtor's wife, knowing it to be her separate estate. The

plaintiff chose the latter remedy, and rested her right to recover upon the ground that the defendants acquired no title to the money received. The defendants joined issue by their pleas, and sought to prove that the money was not received in payment of a debt of her husband, but one of her own.

They further offered to prove that although the goods bought in 1876 were charged to him, yet the quantity sold to and used on her place was more than the sum received upon the execution. They proposed to show by additional proof that credit was refused him; that he was insolvent; that the amount of goods furnished for her use, after her written assent to the transfer of the execution, was more than they received upon it, and that these supplies were used upon her place in making a crop for her benefit. All the testimony thus offered was ruled out by the judge, and we think improperly. If she had received value for this money, and it had gone for the benefit of her estate, it would be unjust that under any technical rule of law she should recover it a second time; it would be wrong, and that which is wrong is not law.

Judgment reversed.